IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: §<br>APPLICATION OF NJSC NAFTOGAZ §<br>OF UKRAINE, §<br>  APPLICANT, §<br>§<br>FOR AN ORDER UNDER 28 U.S.C. § §<br>1782 FOR ISSUANCE OF A SUBPOENA §<br>TO DEGOLYER AND MACNAUGHTON §<br>CORP. § | CASE NO. 3-18-MC-92-L-BK |

**ORDER**

Pursuant to the District Judge's *Order of Reference*, Doc. 2, NJSC Naftogaz of Ukraine's *Application for an Order to Conduct Discovery for Use in Foreign Proceedings Under 28 U.S.C. § 1782*, Doc. 1, was referred to the undersigned United States magistrate judge for determination. For the reasons that follow, the Application is **GRANTED**.

**I. BACKGROUND AND PROCEDURAL HISTORY**

The Application, filed on December 6, 2018, requests leave to serve a subpoena for documents and deposition testimony upon DeGolyer & MacNaughton Corp. ("DeGolyer & MacNaughton"), a Delaware corporation headquartered in Dallas, Texas. Doc. 1 at 1. The subpoena seeks information relating to judicial proceedings that Naftogaz is preparing to file in the Netherlands. Doc. 1 at 1.

Naftogaz's Application asserts that on February 28, 2018, an arbitral tribunal seated in Stockholm, Sweden found against oil and gas company PJSC Gazprom ("Gazprom") and awarded Naftogaz $2,560,332,662.77. Doc. 1 at 1. Naftogaz commenced judicial proceedings in the Netherlands to collect the award, but Gazprom has refused to pay. Doc. 1 at 2. Naftogaz

now seeks discovery from Gazprom's oil and gas reserves auditor, DeGolyer & MacNaughton, to assist with collecting the award. Doc. 1 at 2. Naftogaz's Application asserts that DeGolyer & MacNaughton "possess[es] information related to recent transfers that Gazprom made of its interest in certain of its Dutch subsidiaries, including transfers of its interests in subsidiaries that are focused on oil and gas exploration." Doc. 1 at 2. Naftogaz further avers that the requested information is integral to a fraudulent conveyance claim against Gazprom that it is preparing to file in the Netherlands. Doc. 1 at 2.

## II. LEGAL STANDARD AND ANALYSIS

"Three statutory requirements must be satisfied before a district court may grant assistance under § 1782(a): (1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person." *Bravo Express Corp. v. Total Petrochemicals & Refining U.S.,* 613 F. App'x 319, 322 (5th Cir.2015) (quoting *Tex. Keystone, Inc. v. Prime Natural Res., Inc.,* 694 F.3d 548, 553 (5th Cir.2012)). Naftogaz has demonstrated that those factors are satisfied here: (1) DeGolyer & MacNaughton is headquartered in Dallas, thus, it may be found in the Northern District of Texas, Doc. 1-1 at 14; (2) the requested discovery is sought in connection with contemplated foreign judicial proceedings in Dutch courts,[1] Doc. 1-1 at 15; and (3) Because Naftogaz is a prospective litigant in the Netherlands, it is an "interested person" under Section 1782.[2]

---

[1] 28 U.S.C. § 1782(a) does not require the discovery be for use in a "pending" proceeding; rather, the statue only requires the foreign proceeding to be in "reasonable contemplation." *Bravo Express*, 613 F. App'x at 322.
[2] *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 256 (2004); *In re Application of Eurasian,* 2015 WL 6438256, at *2-4 (requested discovery is "for use in proceeding in a foreign

"[O]nce an interested party makes the requisite showing that it has met the statutory factors, the district court judge has the discretion to grant the application seeking the authority to issue subpoenas." *Tex. Keystone,* 694 F.3d at 553, 554 n.2.  In exercising this discretion, a court considers:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding, because nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach and therefore their evidence may be unobtainable absent § 1782(a) aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the § 1782(a) request is 'unduly intrusive or burdensome.

*Bravo Express,* 613 F. App'x at 323–24 (citing *Intel,* 542 U.S. at 264–65) (internal quotations omitted).

Here, the enumerated factors favor granting the Application: (1) DeGolyer & MacNaughton is a nonparticipant in the Dutch proceedings; (2) the discovery is sought in connection with possible judicial proceedings to enforce an arbitration award, and there is no reason to believe a Netherlands tribunal would object to the assistance of this Court in that regard[3]; (3) the Application does not conceal or circumvent foreign proof-gathering restrictions, as is apparent in the fact that Naftogaz previously sought related disclosure in the Dutch proceedings but has met little success because of "the combined effect of technical limitations

---

or international tribunal" when applicant expects to institute judicial proceedings within a reasonable time if the discovery being sought reveals that such a proceeding may be fruitful).

[3] *See In re Stati*, No. CV 15-MC-91059-LTS, 2018 WL 474999, at *7 (D. Mass. Jan. 18, 2018) ("there is little reason to suspect that the Swedish, Netherlands, or Belgian tribunals would not be receptive to the discovered evidence"); *In re Application of Eurasian*, 2015 WL 6438256, at *3 (granting application "[i]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782").

and the absence of permissive proof-gathering rules analogous to Section 1782," Doc. 1-1 at 21; and (4) the proposed discovery requests are narrowly tailored in scope and time and, therefore, are not unduly intrusive or burdensome, Doc. 1-3 at 406-07.

### III. CONCLUSION

For the foregoing reasons, NJSC Naftogaz of Ukraine's *Application for an Order to Conduct Discovery for Use in Foreign Proceedings Under 28 U.S.C. § 1782*, Doc. 1, is **GRANTED**. Naftogaz is authorized under 28 U.S.C. § 1782 and the Federal Rules of Civil Procedure to issue and serve subpoenas to DeGolyer & MacNaughton Corp for depositions and the production of documents, substantially in the form of Doc. 1-3 at 402-09. The Federal Rules of Civil Procedure and any applicable local rules shall apply to discovery under this Order, and deposition testimony obtained pursuant to the subpoenas authorized herein may be taken before any certified court reporter authorized to take testimony and administer oaths in the State of Texas.

**SO ORDERED** on September 30, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE