**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

David Z. Pinsky

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1177
dpinsky@cov.com

By ECF

January 7, 2020

Hon. Renee H. Toliver
United States District Court
Northern District of Texas
1100 Commerce Street, Room 1611
Dallas, TX 75242

Re: *In re Application of NJSC Naftogaz of Ukraine*, Misc. Civil No. 3-18-MC-92-L (SAL)(RHT)

Dear Judge Toliver:

We represent applicant NJSC Naftogaz of Ukraine ("Naftogaz") in the above proceeding, in which Naftogaz sought discovery in this District from respondent DeGolyer and MacNaughton Corp. ("D&M") in support of proceedings in The Netherlands (the "Dutch Proceedings") to enforce Naftogaz's multi-billion-dollar arbitration award against the Russian oil and gas company PJSC Gazprom ("Gazprom"). We write to inform the Court that Naftogaz and Gazprom have reached a settlement and, as a result, Naftogaz's position with respect to D&M's pending motion for attorneys' fees (Dkt. No. 17) has changed in that it no longer reserves its right to renew its 28 U.S.C. § 1782 application against D&M, further rendering D&M's motion moot.

As background, on September 30, 2019, this Court issued an order allowing Naftogaz to serve Gazprom's oil and gas reserves auditor D&M with a subpoena under 28 U.S.C. § 1782 (the "Subpoena") in support of the Dutch Proceedings. (Dkt. No. 13.) After being served with the Subpoena, D&M claimed that, although it had worked as reserves auditor for Gazprom and certain of Gazprom's subsidiaries, it lacked any responsive materials. In light of this representation and those made in the parties' subsequent meet-and-confer, Naftogaz withdrew its Subpoena and dismissed this action voluntarily, reserving its right to renew its Section 1782 application should it obtain evidence that D&M did, in fact, possess responsive materials. (Dkt. No. 14.) Two days later—after this matter was closed—D&M nonetheless filed the pending motion, which seeks two forms of relief: (1) an order compelling Naftogaz to withdraw its already-withdrawn subpoena "with prejudice" and (2) discovery sanctions in the form of attorneys' fees. (Dkt. No. 17.)

In its Response to D&M's motion, Naftogaz explained that the motion was moot because Naftogaz had already withdrawn its Section 1782 application and the resulting subpoena. (Dkt. No. 23.) In any event, Naftogaz argued that there is no basis to award fees to D&M where Naftogaz issued its Subpoena in good faith and D&M's counsel increased its fees unnecessarily by drafting and filing an unnecessary motion. (*Id.*)

COVINGTON

Hon. Renee H. Toliver
January 7, 2020
Page 2

     During the pendency of D&M's motion, on December 30, 2019, Naftogaz and Gazprom executed a settlement agreement resolving the dispute that gave rise to Naftogaz's application to this Court. As a result, Naftogaz no longer requires the non-party discovery it sought from D&M in this District and no longer reserves its right to renew its Section 1782 application against D&M in support of the Dutch Proceedings, which have been or will be withdrawn.

     Naftogaz submits that this change in circumstances further renders D&M's pending motion to be moot and thus respectfully requests that the Court deny the motion.

                                              Respectfully,

                                              David Z. Pinsky

cc:    All Counsel of Record (by ECF)