# In the United States District Court
## For the Northern District of Texas
### Dallas Division

| | | |
|---|---|---|
| In re: | § | |
| Application of NJSC Naftogaz | § | |
| of Ukraine, | § | |
|     Applicant, | § | |
| | § | |
| v. | § | Case No. 3:18-MC- 92-L-BK |
| | § | |
| For an Order Under 28 U.S.C. § | § | |
| 1782 For Issuance of a Subpoena | § | |
| To DeGolyer and MacNaughton | § | |
| Corp. | § | |

## Order

*DeGolyer and MacNaughton Corp.'s Motion for Relief Under Fed. R. Civ. P. 45(d)*, Doc. 17, has been referred to the undersigned United States magistrate judge for determination, Doc. 22. For the reasons that follow, the motion is **DENIED**.

### I. BACKGROUND

On December 6, 2018, NJSC Naftogaz of Ukraine ("Naftogaz") requested leave under 28 U.S.C. § 1782 to serve a third-party subpoena for documents and deposition testimony upon DeGolyer & MacNaughton Corp. ("D&M"). Doc. 1 at 1. The subpoena sought discovery relating to judicial proceedings that Naftogaz was preparing to file in the Netherlands against Russian oil and gas company PJSC Gazprom ("Gazprom"). Doc. 1 at 1. The Court concluded that Naftogaz satisfied 28 U.S.C. § 1782's statutory requirements and granted Naftogaz's *ex parte Application for an Order to Conduct Discovery for Use in Foreign Proceedings Under 28 U.S.C. § 1782*. Doc. 13 at 2-4.

On October 14, 2019, Naftogaz served a subpoena duces tecum on D&M. Doc. 24 at 29. Through a series of correspondence between counsel for Naftogaz and D&M, D&M asserted that it did not have any responsive information and asked Naftogaz to withdraw the subpoena. Doc. 24 at 55-61. D&M reported, however, that "Naftogaz's subpoena to [D&M] somehow found itself in the media" and that "this may impact on [D&M's] current and prospective business relations." Doc. 24 at 56. As a solution, D&M proposed a simple affidavit to the effect "it has not [sic] responsive documents." Doc. 24 at 43.

Naftogaz responded that it was amenable to a short affidavit from D&M that included, *inter alia*, "a description of the search that D&M performed in response to the subpoena." Doc. 24 at 49. D&M refused, stating:

> At this point, we are bewildered by the insistence upon having an affidavit. When we made that offer on Tuesday, we envisioned a simple affirmation that D&M does not have documents responsive to the subpoena. We were also expecting such an affidavit to fully resolve the matter. Instead, D&M's search efforts were questioned. We promptly provided details about what steps D&M took to confirm that it does not have responsive documents. Even then, D&M continued to be questioned.

Doc. 24 at 47-48. D&M also stated its intentions to file a motion to quash the subpoena and seek attorneys' fees. Doc. 24 at 48.

On October 28, 2019, Naftogaz voluntarily dismissed this proceeding without prejudice. Doc. 14 at 1. Naftogaz's counsel stated to D&M's that, "[b]y extension, this means that the subpoena is withdrawn without prejudice." Doc. 24 at 41. D&M responded by filing the present motion. Doc. 17. After Naftogaz filed a *Response*, Doc. 23, and D&M filed a *Reply*, Doc. 26, Naftogaz sent a letter to the Court on January 7, 2020, stating "it no longer reserves its right to renew its 28 U.S.C. § 1782 application against D&M" because "Naftogaz and Gazprom have reached a settlement." Doc. 27 at 1.

By the instant motion, D&M seeks an award of attorneys' fees and an order requiring "Naftogaz [to] withdraw its subpoena with prejudice."[1] Doc. 17. The essence of D&M's argument is that Naftogaz's subpoena was unduly burdensome because it was improperly issued. Doc. 18 at 18; Doc. 26 at 6.

## II. APPLICABLE LAW

Rule 45(d)(1) of the Federal Rules of Civil Procedure governs the use of subpoenas in relation to non-parties:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

FED. R. CIV. P. 45(d)(1). A Rule 45 movant has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive. *Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 449 (N.D. Tex. 2015) (quotations omitted). Reasonableness is determined according to the facts of each case. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

To determine whether a subpoena imposes an undue burden, district courts in the Fifth Circuit consider the following factors: (1) the relevance of the information requested, (2) the need of the party for the documents, (3) the breadth of the document request, (4) the time period covered by the request, (5) the particularity with which the party describes the requested documents, and (6) the burden imposed. *Id.* When the target of the subpoena is a non-party to the litigation, the court may also consider the expense and inconvenience to the non-party. *Id.*

---

[1] The second request is moot by virtue of Plaintiff's subsequent stipulation, Doc. 27 at 1.

### III.  ANALYSIS

**A.  D&M Fails to Establish that Compliance with the Subpoena is Unduly Burdensome**

D&M's argues that the factors announced in *Wiwa v. Royal Dutch Petroleum Co.* are not controlling because that case addresses whether "a *properly* issued subpoena imposed an undue burden on a third party," and not "the relevant fact here: what constitutes an undue burden for an *improperly* issued subpoena." Doc. 26 at 6 (emphasis in original) (citing *Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 81 (D. Del. 2009)).  D&M's argument wholly lacks merit.

First, *Wiwa* makes no "proper" versus "improper" distinction, *see Wiwa*, 392 F.3d at 818, and is certainly applicable to the third-party subpoena at issue here.  Moreover, the Court declines to extend the holding in *Hallamore* to this case because it is factually dissimilar.  *See Hallamore*, 259 F.R.D. at 79-80 (concluding subpoena was defective because it issued out of the District of Delaware, but called for attendance at a deposition in the Eastern District of Pennsylvania).  And while D&M contends that Naftogaz's subpoena was improperly issued, Doc. 18 at 18; Doc. 26 at 6, it offers no legitimate basis to conclude that the subpoena was issued in contravention of the requirements of 28 U.S.C. § 1782.[2]  Indeed, the Court explicitly concluded that all requirements were met before authorizing the subpoena.  Doc. 13 at 2-4.

As Naftogaz correctly argues, D&M fails to satisfy its burden of proof because it does not apply any of the *Wiwa* undue burden factors to the present case.  Doc. 23 at 26-29.  The Court concurs in that assessment.  Again, the responsibility lies with D&M to demonstrate that

---

[2] The requirements for assistance under Section 1782 are that: (1) the person from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person."  *Bravo Express Corp. v. Total Petrochemicals & Refining U.S.,* 613 F. App'x 319, 322 (5th Cir.2015) (quoting *Tex. Keystone, Inc. v. Prime Natural Res., Inc.,* 694 F.3d 548, 553 (5th Cir.2012)).

compliance with the subpoena would be unreasonable and oppressive, *Andra Grp., LP.*, 312

F.R.D. at 449, and it has failed to meet that responsibility.

**B.  Naftogaz took Reasonable Steps to Avoid Imposing an Undue Burden on D&M**

D&M argues that Naftogaz failed to take reasonable steps to avoid imposing an undue

burden on it under Rule 45(d) because "Naftogaz made no attempt to ask D&M if it had the

requested information before seeking judicial assistance with its Section 1782 application" and

"Naftogaz's decision to submit its application *ex parte* is also egregious." Doc. 18 at 29; *see*

*also* Doc. 26 at 10-11.  D&M further argues that Naftogaz did not reasonably assure itself that

D&M had the requested information before seeking the subpoena, Doc. 18 at 29, and that "after

service of the subpoena duces tecum, D&M repeatedly told Naftogaz that it [did] not have the

requested documents." Doc. 18 at 30.  The Court finds D&M's arguments unavailing.

Naftogaz correctly notes that Section 1782 did not require it to "contact a third party and

ask it to provide discovery voluntarily before issuing a [s]ubpoena compelling it to do so." Doc.

23 at 24; *see* 28 U.S.C. § 1782.  Moreover, an *ex parte* application under Section 1782 is

permitted.  *See Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("it is neither

uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex*

*parte.*  The respondent's due process rights are not violated because he can later challenge any

discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3).").

Section 1782 also imposes no burden on movant to confer with the third party before filing an *ex*

*parte* application.  Further, contrary to D&M's argument,[3] this Court has granted numerous *ex*

*parte* requests under Section 1782.  *See, e.g.*, *In re Application of Eurasian Bank Joint Stock Co.*

---

[3] D&M argues that an *ex parte* application under Section 1782 is not common practice within the
Fifth Circuit because "D&M has been in Dallas since 1936." Doc. 26 at 11.

*for Expedited Judicial Assistance Pursuant to 28 U.S.C. § 1782.*, No. 3:15-MC-106-L-BN, 2015 WL 6438256, at *1 (N.D. Tex. Oct. 21, 2015) (Horan, J.) (granting *ex parte* motion under Section 1782 on October 21, 2015); *Grupo Mexico Sab De CV*, No. 3:14-MC-00073-G-BH, 2014 WL 12691097, at *1 (N.D. Tex. Oct. 17, 2014) (Ramirez, J.) (same); *In re Godfrey*, No. 3:08-MC-0107-K, 2009 WL 10670524, at *1 (N.D. Tex. Mar. 24, 2009) (Stickney, J.) (discussing grant of same on October 2, 2008).

The Court is also satisfied, based on Naftogaz's supporting documents, that Naftogaz reasonably assured itself that D&M had the requested information prior to filing its motion. *See* Doc. 24 at 6-18, 62-105. Indeed, "[D&M's counsel] indicated that D&M had been retained by one of the Dutch Gazprom entities named in Naftogaz's Subpoena, Gazprom EP Int'l B.V., and had three 'commission files' holding the documents associated with its work for Gazprom EP Int'l B.V." Doc. 24 at 9; *see also* Doc. 24 at 50-52 (correspondence between Naftogaz and D&M's counsel).

## C.  Attorneys' Fees are Not Warranted

D&M argues that "attorney's fees are [properly] awarded where, as here, the party improperly issuing the subpoena refused to withdraw it . . . ." Doc. 18 at 30 (citing *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*, No. 03 CIV.1382 RWS, 2003 WL 23018833, at *9 (S.D.N.Y. Dec. 23, 2003) (internal quotations omitted); *see also* Doc. 26 at 13. Assuming *arguendo* that the Southern District of New York's holding is somehow binding on this Court, D&M misrepresents it. The entirety of the holding is that attorneys' fees are properly awarded "where, as here, the party improperly issuing the subpoena refused to withdraw it, *requiring the non-party to institute a motion to quash*." *Night Hawk*, 2003 WL 23018833, at *9 (emphasis added). Thus, D&M's

reliance on *Night Hawk* is misplaced because Naftogaz withdrew the subpoena, Doc. 14, and D&M never filed a motion to quash.

In addition, a legal confirmation that there are no responsive documents can be as significant as obtaining responsive documents. *Cf. Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014) ("In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, FED. R. CIV. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.") (quoted case and modifications omitted). As such, a movant cannot be faulted for insisting on a response to its discovery request—even if the answer is that the respondent has nothing responsive to the request.

In any event, as the Court finds that Naftogaz took "reasonable steps to avoid imposing undue burden or expense on [D&M]," FED. R. CIV. P. 45(d)(1), an award of attorneys' fees to D&M is not warranted.

## IV.  CONCLUSION

For the foregoing reasons, *Degolyer and Macnaughton Corp.'s Motion for Relief Under Fed. R. Civ. P. 45(d)*, Doc. 17, is **DENIED**.

**SO ORDERED** on March 6, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE